```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITY ELECTRIC CO. INC. et al.,                                        :
                                                                       :
                                Plaintiffs,                            :
                                                                       :           22 Civ. 1066 (JPC)
                -v-                                                    :
                                                                       :                 ORDER
MICRODESK, INC.,                                                       :
                                                                       :
                                Defendant.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Before the Court is Defendant Microdesk Inc.'s motion to dismiss or transfer venue to the District of New Hampshire. Dkt. 24. As to the motion to transfer, the parties primarily dispute the interpretation of a venue selection clause in the relevant contracts—the Master Service Agreements. The clause states that "[i]n the event of any litigation between the parties, such litigation shall be commenced and maintained exclusively in the United States District Court for the residing District of the Microdesk office *in which the Services were contracted*." Dkt. 25-4 at 14 (emphasis added). Defendant argues that its services were "contracted" in the District of New Hampshire because its two employees who "*negotiated*" the terms of the Master Service Agreements were located in Nashua, New Hampshire. Dkt. 26 at 2-3 (emphasis added); *see also* Dkt. 25 ("Reynolds Declaration") ¶ 9. Plaintiffs Unity International Group ("UIG") and Unity Electric Co., Inc. argue that the services were "contracted" in this District because Greg Lehrer, Microdesk's Director of Consulting Services and the employee who ultimately "*signed*" the Master Services Agreements, was located in New York City. Dkt. 27 at 12; *see also* Dkt. 28 ¶ 31.

When used as a verb, the word "contract" means "to establish or undertake by contract," "to hire by contract," and/or "to purchase (goods, services, etc.) on a contract basis." *Contract*,

Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/contract?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last visited Aug. 4, 2023). Thus, the District "in which the Services were contracted" is the place where the contract between the parties was formed. Under both New York and New Hampshire law,[1] a contract is formed when there is a "meeting of the minds." *Stonehill Cap. Mgmt., LLC v. Bank of the W.*, 68 N.E.3d 683, 689 (N.Y. 2016); *Bel Air Assocs. v. N.H. Dep't of Health and Hum. Servs.*, 960 A.2d 707, 710 (N.H. 2008). "A meeting of the minds occurs when there is mutual asset to the essential terms of the contract; that is, the parties have the same understanding of the essential terms of the contract and manifest an intention to be bound by the contract." *Poland v. Twomey*, 937 A.2d 934, 936 (N.H. 2007); *see also Express Indus. and Terminal Corp. v. N.Y. State Dep't of Transp.*, 715 N.E.2d 1050, 1053 (N.Y. 1999) (explaining that a meeting of the minds requires "manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms").

Based on the parties' submissions to date, the Court is unable to determine the point at which there was a meeting of the minds, and which employees were responsible for reaching the ultimate agreements reflected in the Master Services Agreements. The Reynolds Declaration submitted by Defendant explains that Microdesk initially submitted a proposal to UIG on December 17, 2019 which was signed by Lehrer (who works in New York), and then UIG subsequently adopted that agreement and countersigned on January 15, 2020. Reynolds Declaration ¶ 5; *accord id.* ¶ 9. It further explains that the parties later entered into the Master Service Agreements—the contracts at issue in this case—as an extension of that original proposal.

---

[1] As with venue, the parties agreed that the Master Service Agreements "shall be governed by and construed under the laws of the state in which Microdesk the Services [sic] are being contracted, without reference to choose [sic] of law principles." Dkt. 25-4 at 14.

*Id.* ¶¶ 7-8.5.[2] The Reynolds Declaration also states that "[t]he negotiations with UIG about the contract terms were conducted by Microdesk personnel in Nashua," New Hampshire, and that those individuals were Jody Reynolds and Darren End, and that "Greg Lehrer, Director of Consulting Services, who signed for Microdesk, worked in New York but was not the lead in the negotiations." *Id.* ¶ 9. However, the Reynolds Declaration does not provide any details on those negotiations that would allow the Court to assess whether and when there was a meeting of the minds. For example, there is no information concerning when and how the parties came to an agreement on the relevant terms of the Master Service Agreements (*i.e.*, offer and acceptance), and who at Microdesk ultimately approved or otherwise signed off on those terms.

Accordingly, by August 11, 2023, Defendant shall submit a supplemental declaration or declarations providing additional details and information concerning the "negotiations" referenced in the Reynolds Declaration, including how and when a final agreement on the contract language was reached, and by which employees. The supplemental declaration may attach any relevant documents such as email communications between Microdesk and UIG if appropriate. To the extent Plaintiffs have any knowledge of or documents related to the above facts or any other facts relevant to the location where the parties reached a meeting of the minds, they may submit a supplemental declaration or declarations addressing those facts as well by August 11, 2023. In particular, if Plaintiffs still argue that the contract between the parties was not formed until the Master Service Agreements was actually signed by Lehrer, Plaintiffs declaration(s) should indicate any "forthright, reasonable signals that [the parties] mean[t] to be bound only be a written agreement." *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 75 (2d Cir. 1984) (applying New York law); *see also Stonehill Cap.*, 68 N.E.3d at 690 ("If the parties to an agreement do not

---

[2] The Reynolds Declaration contains two paragraphs numbered 8. Accordingly, the Court refers to the second of these two paragraphs as paragraph 8.5.

intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed." (internal quotation marks and brackets omitted)).  The parties may also indicate in their declarations whether if, in their view, any discovery is relevant to these issues.

    SO ORDERED.

Dated: August 4, 2023
       New York, New York

                                            JOHN P. CRONAN
                                     United States District Judge